PER CURIAM.
This is an appeal from an order of the Unemployment Appeals Commission affirming a referee’s report which denied claimant compensation benefits. We affirm.
The appellant filed his initial claim for unemployment benefits on March 26, 1989. His first compensation payment contained a notice informing him that he must separately register for employment with the job service office and bring proof of registration to the unemployment claims office or further benefits would not be paid. Appellant reported to the job service office and registered. He failed, however, to bring to the claims office his proof of registration. When further compensation payments were not forthcoming, he telephoned the unemployment office and then, on May 16, 1989, he personally appeared and reported. No further compensation was paid. After an appeal, the claims examiner found that the appellant had waited in excess of the required fourteen-day reporting period and he further had not shown good cause for the submission of the late claim. The claims examiner then determined the appellant to be ineligible for benefits for the period of April 9, 1989 through May 13, 1989.
Section 443.091(1), Florida Statutes (1987) provides that in order to be eligible to receive compensation benefits for a weekly pay period, a claimant must lodge a claim in accordance with the division’s rules. Rule 38B-2.11(1) requires that such a claim be made either in person or by mail on a continuing basis in order to remain eligible for further weekly compensation payments. The same rule provides that an individual who fails to report for a period of more than fourteen days following his last report must make a new claim in order to become eligible for future compensation benefits.
The appellant admits infractions but argues that they were trivial or minor. While the administrative requirement of filing successive claims facially appears to be somewhat duplicitous, we cannot say that, the commission has promulgated a rule beyond its authority or applied it unfairly to the appellant. The purpose of the rule is undoubtedly to assure the commission that a claimant has not found employment and thus remains eligible for unemployment compensation benefits.
Affirmed.